MEMORANDUM *
DeWayne McGee Richardson appeals the district court’s denial of his habeas petition, filed under 28 U.S.C. § 2254. We affirm. Because the parties are familiar *493 with the history of this case, we need not recount it here.
I
The district court properly denied relief on petitioner’s claim that the in-court identification was conducted in violation of Neil v. Biggers, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Clearly established Supreme Court law allows identifications taken at impermissibly suggestive photograph lineups to be admitted so long as the identification is reliable. Manson v. Brathwaite, 432 U.S. 98, 105, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (citing Biggers, 409 U.S. at 199, 93 S.Ct. 375).
Under Watkins v. Sowders, 449 U.S. 341, 349, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981), the determination of whether an identification is reliable is a question that may properly be left for the jury. As the Supreme Court observed, “[ijndeed, as the cases before us demonstrate, the only duty of a jury in cases in which identification evidence has been admitted will often be to assess the reliability of that evidence.” Id. at 347-48, 101 S.Ct. 654. The Court decided that, so long as counsel is afforded an opportunity to cast “doubts as to the accuracy of the identification—including reference to both any suggestibility in the identification procedure and any countervailing testimony such as alibi,” id. at 348, 101 S.Ct. 654, there could be no constitutional claim.
Richardson’s counsel was given every opportunity to challenge the identification evidence. He was fully able to argue that suggestive police procedures led to an inaccurate identification, and in fact he did so. The trial court’s decision to leave the ultimate question of the identification’s reliability to the jury thus was not “contrary to, or involving] an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States.” § 2254(d)(1).
II
We grant petitioner’s motion to broaden the certificate of appealability to include petitioner’s claim the state court’s rejection of his challenge under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) constituted an unreasonable application of controlling Supreme Court precedent. See Miller-El v. Cock-rell, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (reciting standard for grant of a certificate of appealability). Although we have granted the motion for an expanded certificate of appealability, we deny the claim on the merits.
Because the trial court failed to undertake any inquiry into direct or circumstantial evidence of the prosecutor’s intent in striking the juror, and because the California Court of Appeals also did not engage in the required analysis, we review de novo the trial court’s Batson ruling. Green v. LaMarque, 532 F.3d 1028, 1031 (9th Cir.2008). Because the state court record included the voir dire evidence relevant to our analysis, we apply 28 U.S.C. § 2254(d)(2), rather than 28 U.S.C. § 2254(e)(1). We will grant federal habeas relief if the trial court’s decision to deny the Batson motion was “an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” Kesser v. Cambra, 465 F.3d 351, 358 (9th Cir.2006) (en banc) (quoting 28 U.S.C. § 2254(d)(2)).
The prosecutor’s assertion that he dismissed Juror 52, the venire’s only African-American, based on her age and “naivety” is consistent with his strikes of other jurors. Indeed, he struck almost all the jurors similar in age and background to Juror 52. Therefore, based on our de novo review of the record, we cannot say *494 that the explanation of the strike based on age and perceived naivety was pretextual. Given this determination, we cannot conclude that the state court unreasonably determined the facts or unreasonably applied Batson.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.